UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OCEOLA MOSS | CIVIL ACTION |
| v. | NO. 19-12428 |
| POPEYES LOUISIANA KITCHEN, INC. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion to remand is DENIED.

**Background**

This litigation arises out of a slip-and-fall accident outside of a Popeyes Louisiana Kitchen.

On March 28, 2018, Oceola Moss was exiting Popeyes Louisiana Kitchen when she stepped into a pothole and fell. Nearly one year later, Moss sued Liberty Mutual Fire Insurance, Co. and Popeyes Louisiana Kitchen, Inc. in state court, alleging that the defendants' negligence caused her to sustain injuries. Moss suffered a broken kneecap and seeks to recover for various damages, including past, present, and future pain and suffering, mental anguish and emotional pain, and medical expenses, as well as loss of enjoyment of life.

On September 4, 2019, Liberty Mutual and Popeyes removed the lawsuit to this Court, invoking the Court's diversity jurisdiction. The plaintiff now moves to remand.

I.
*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing that "federal jurisdiction exists and removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). The removal statute should be construed in favor of remand and "any ambiguities are construed against removal." Manguno, 276 F.3d at 723 (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C.

§ 1332(a)(1). The only dispute here is whether the amount in controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno, 276 F.3d at 723 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Louisiana law requires that a plaintiff include "no specific amount of damages" in her prayer for relief. La. Code Civ. Proc. art. 893.

When the plaintiff has, therefore, alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the

amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to prove "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298. However, if the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), rev'd on other grounds, 526 U.S. 574 (1999).

Finally, if the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent

4

removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam).

II.

In support of her contention that the amount in controversy requirement is not satisfied, the plaintiff submits a stipulation as to damages, in which she "stipulates that the amount in controversy does not exceed $75,000.00." The stipulation was filed along with the motion to remand on October 1, 2019. The defendants counter that, at the time of removal, the amount in controversy requirement was met based on summary judgment-type evidence. Considering the quantity and quality of damages alleged in her state court petition, the defendants submit that the plaintiff's post-removal stipulation regarding the amount in controversy does not divest this Court of its properly established jurisdiction. The Court agrees.

The Court finds that the defendants' summary judgment-type evidence is sufficient in showing that the amount in controversy exceeds $75,000. The plaintiff suffered a broken kneecap in her accident and seeks damages for her injury. The defendant cites multiple Louisiana state court cases consistently awarding damages

5

in excess of $75,000 where the plaintiff suffered a broken kneecap.[1] Based on this evidence, plaintiffs who suffer injuries similar to the plaintiff's here typically receive an award of damages in excess of $75,000. This summary judgment-type evidence fulfills the amount in controversy requirement for federal jurisdiction under 28 U.S.C. § 1332. The plaintiff offers no evidence to counter the defendants'.

The plaintiff submitted with her motion to remand a stipulation that the amount in controversy does not exceed $75,000. However, this stipulation is not sufficient to prevent removal. The plaintiff must "make all information known at the time [she] files the complaint." De Aguilar, 47 F.3d at 1412. "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or by his own volition, do not oust the district court's jurisdiction once it is attached." St. Paul, 303 U.S. at 293. A binding stipulation must be filed with a complaint as once the case has been removed later

---

[1] See Todd v. Delta Queen Steamboat, Co., 2007 1518 (La. App. 4 Cir. 8/6/08); 15 So. 3d 107 (plaintiff awarded $120,000 in damages where he broke his knee hitting it on a loaded metal cart); Millet v. Evangeline Health Care, Inc., 02-1020 (La. App. 5 Cir. 1/28/03); 839 So. 2d 357 (plaintiff awarded $100,000 in general damages where she slipped and fell and broke her kneecap); Kelley v. Great Atlantic & Pacific Tea Co., Inc., 89-51 (La. App. 5 Cir. 6/7/89); 545 So. 2d 1099 (plaintiff awarded $125,000 in general damages where she broke her knee from slipping and falling in a store).

findings become irrelevant. De Aguilar, 47 F.3d at 1412. The plaintiff filed her unsworn, non-binding stipulation on damages with her motion to remand, not with her original complaint. And, notably, the stipulation does not "irrevocably bind" the plaintiff to recover less than $75,000 and is thus insufficient to prove to a legal certainty that her recovery will not exceed $75,000.[2]

Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, October 23, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Of course if plaintiff truly believes her claim is worth less than $75,000, her case will settle for less than $75,000.